IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

COURTNEY R. LOGAN                                                                              PLAINTIFF

v.                                                                                    No. 4:13CV89-SA-SAA

RICKY L. BANKS                                                                             DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Courtney R. Logan who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Logan has asserted two claims. First, he alleges that the defendants confiscated his legal materials when transferring him from the Leflore County Adult Detention Center into Mississippi Department of Corrections custody, thus denying him meaningful access to the courts. Logan also alleges that the Mississippi defendants were improperly holding him in county custody – and that he should have remained in the custody of the State of Tennessee. The defendants have filed a motion [67] to dismiss for failure to exhaust administrative remedies as to the claims regarding confiscation of Logan's legal materials. Logan has responded [72] to the motion, and the defendants have replied [77]. For the reasons set forth below, the motion [67] to dismiss will be granted, and Logan's claims regarding confiscation of his legal materials will be dismissed for failure to exhaust administrative remedies. In addition, Logan's challenge to the legality of his custody with Leflore County, Mississippi, must be dismissed for failure to state a claim upon which relief could be granted. For these reasons, the instant case will be dismissed in its entirety.

**Exhaustion of Administrative Remedies**

Before a *pro se* prisoner may proceed under 42 U.S.C. § 1983, he must exhaust the administrative remedies available to him. The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A district court may dismiss a lawsuit if the plaintiff fails to complete the prison or jail grievance process. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubblefield*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

In this case, the plaintiff acknowledged in his complaint that he has not exhausted administrative remedies as to his claims against the Leflore County defendants. Though Logan has submitted documents showing his attempts to exhaust remedies for various grievances with the Mississippi Department of Corrections, he has not provided documentation that he initiated a grievance with the Leflore Count Adult Detention Center. The defendants have, however, provided a statement from Tyrone Banks, Administrator of that facility, stating that he never received a grievance from Logan regarding confiscation of his legal materials. In his response to the motion to dismiss, Logan presents documents regarding two grievances. The first (#WCCF-13-501) involves Logan's request to be returned to Tennessee custody – not the status of his legal documents. Though the second grievance (#WCCF-13-471) involves access to legal documents, it pertains to Logan's inability to obtain legal materials from the state of Tennessee during his incarceration in the Wilkinson County Correctional Facility. The second grievance has nothing to do with the alleged confiscation of

Logan's legal materials just prior to his move away from the Leflore County Adult Detention Center. As such, Logan has not exhausted administrative remedies regarding his claim that the defendants confiscated his legal materials in Leflore County, and the defendants' motion to dismiss this claim will be granted.

## Improper Transfer from Tennessee to Mississippi Custody

Logan also complains that he was improperly transferred from Tennessee to Mississippi custody prior to his trial on Mississippi charges without the opportunity to challenge his extradition in Tennessee courts. He has since been convicted of multiple offenses in Mississippi and is currently serving multiple life sentences with the Mississippi Department of Corrections. Logan argues that he is still illegally in Mississippi custody and that he should be returned to Tennessee custody to pursue Tennessee appellate and post-conviction collateral relief. In *Nichols v. McKelvin*, 52 F. 3d 1067 (5th Cir. 1995) the Fifth Circuit refused to recognize a § 1983 claim arising from alleged violations of the Extradition Clause and the federal enabling statute. In doing so, the court held:

> The plain language of the Extradition Clause reveals that its purpose is to enable the states to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed. *Michigan v. Doran*, 439 U.S. 282, 287, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). Thus, we have held that the Extradition Clause confers no rights on the individual being sought. *Id.*

The opinion cites *Siegel v. Edwards*, 566 F.2d 958 (5th Cir. 1978), which holds that "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him." Though *Nichols* is an unpublished *per curiam* opinion, it cannot be ignored, and *Siegel* has not been overruled. On the other hand, the Fifth Circuit has held that a prisoner has the right to challenge extradition in a pre-extradition *habeas corpus* proceeding *in the asylum state* (Tennessee, in the present case). *Crumley v. Snead*, 620 F.2d 481 (5th Cir. 1980). Neither party has directed the court's attention to a Supreme Court case directly addressing this issue.

It appears that *Nichols* and *Siegel* control the decision in the present case. Logan's complaint is that the asylum state – Tennessee – should not have given him over to the demanding state – Mississippi – before he had the chance to challenge his extradition. Under *Nichols* and *Siegel* the actual transfer of Logan to Mississippi extinguished any claims regarding the propriety of his extradition. Certainly, the court has found no authority for Logan to seek redress against authorities in the demanding state (Mississippi) in this situation. On the other hand, under *Crumley*, it appears that Logan may have a viable claim against authorities in the State of Tennessee for releasing him to Mississippi custody – without a chance to challenge extradition in Tennessee courts through a writ of *habeas corpus*. That issue would, however, be for the federal courts in Tennessee to decide – under Sixth Circuit precedent. For these reasons, Logan's claims against the defendants regarding the propriety of his extradition to Mississippi must be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

In sum, the defendants' motion [67] to dismiss Logan's claims regarding confiscation of his legal materials will be granted, and those claims will be dismissed without prejudice for failure to exhaust administrative remedies. In addition, Logan's remaining claims against Mississippi authorities regarding the propriety of his extradition to Mississippi will be dismissed for failure to state a claim upon which relief could be granted. This ruling has no bearing on any claims Logan might have against Tennessee authorities regarding his extradition to Mississippi. The instant case will, therefore, be dismissed.

**SO ORDERED**, this, the 5th day of November, 2014.

/s/ Sharion Aycock
CHIEF JUDGE
U. S. DISTRICT COURT